UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| TRAVIS WAYNE T., <br><br> Petitioner, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Respondent. | Case No.: 1:20-cv-00442-REP <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending is Petitioner Travis Wayne T.'s Petition for Review (Dkt. 1), appealing the Social Security Administration's denial of his application for Title II disability insurance benefits. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. ADMINISTRATIVE PROCEEDINGS

On October 26, 2017, Petitioner protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning March 6, 2015 (later amended to June 29, 2017).[1] This application was originally denied on February 7, 2018, and again on reconsideration on April 13, 2018. On May 25, 2018, Petitioner filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On October 8, 2019, ALJ Wynne O'Brien-Persons held a hearing in Boise, Idaho, at which time Petitioner, represented by attorney Crystal Flynn, appeared and testified. Cassie Mills, an impartial vocational expert, also appeared and testified at the same hearing.

---

[1] This date happens to be the day after a previous unfavorable decision and has no clinical significance. AR 10 (citing AR 90-106). That decision was never appealed and is administratively final.

**MEMORANDUM DECISION AND ORDER - 1**

On October 31, 2019, the ALJ issued a decision denying Petitioner's claims, finding that he was not disabled within the meaning of the Social Security Act. Petitioner timely requested review from the Appeals Council. On July 17, 2020, the Appeals Council denied Petitioner's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Petitioner filed this case. He raises a single point of error: the ALJ's analysis of his subjective complaints is not supported by substantial evidence. Pet.'s Brief at 1, 9-15 (Dkt. 23). Petitioner requests that the Court either reverse the ALJ's decision and find that he is entitled to benefits or remand the case for further proceedings and award attorneys' fees. *Id*. at 15.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the

**MEMORANDUM DECISION AND ORDER - 2**

ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III.  DISCUSSION

**A.     Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay

**MEMORANDUM DECISION AND ORDER - 3**

or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant has not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner has not engaged in SGA since June 29, 2017 (the amended alleged onset date). AR 6.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner has the following severe medically determinable impairments: "post-traumatic stress disorder ("PTSD"), anxiety disorder, major depressive disorder, obesity, bilateral hip osteoarthritis, diabetes mellitus, and fibromyalgia." AR 6.

The third step requires the ALJ to determine the medical severity of any impairments, that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the

**MEMORANDUM DECISION AND ORDER - 4**

evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ concluded that Petitioner's above-listed medically determinable impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. AR 6-9.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work he performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except he is limited to four hours total of walking and/or standing in an 8-hour workday. He can never climb ladders/ropes/scaffolds. He can frequently balance, stoop, kneel, crouch, and crawl. He is precluded from fast-paced or stressful work environments, such as in conveyor belt work. He must avoid moderate exposure to hazards and unprotected heights. He cannot work in loud or noisy environments. He is limited to simple, routine tasks. He can tolerate occasional, superficial public contact. He cannot tolerate crowded work environments. He can tolerate occasional changes and make occasional decisions in a simple, routine work environment.

AR 9.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th

**MEMORANDUM DECISION AND ORDER - 5**

Cir. 2014). If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled. Here, the ALJ found that as of the date of her decision, Petitioner was not capable of performing his past relevant work, but that he was currently capable of working as a shipping/receiving weigher, banding machine operator, and machine egg washer. AR 12-13. Based on these findings, the ALJ concluded that Petitioner was not disabled. AR 13.

**B.     Analysis**

A claimant's RFC assessment is used at step four of the sequential process to determine whether he can do his past relevant work, and at step five to determine whether he can do other work. *Supra*. It is what the claimant "can still do despite his . . . limitations." Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2. An ALJ's RFC determination is not a medical determination but an administrative finding reserved to the Commissioner based on consideration of all the relevant evidence, including claimant's subjective symptoms. *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 882-85 (9th Cir. 2006).

Here, the ALJ found that Petitioner had the RFC to perform a modified range of light work. AR 9. Petitioner argues that this RFC is contrary to law and not supported by substantial evidence because the ALJ failed to adequately consider his subjective complaints. Pet.'s Brief at 9-15 (Dkt. 23).

   1.     <u>Evaluating Subjective Complaints: The Standard</u>

As the trier-of-fact, the ALJ is in the best position to make credibility determinations and, for this reason, her determinations are entitled to great weight. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an

**MEMORANDUM DECISION AND ORDER - 6**

underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if such objective medical evidence exists, and the ALJ has not determined that the claimant is malingering, the ALJ must provide clear and convincing reasons before rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Id*.

In making an adverse credibility determination, the ALJ may engage in ordinary techniques of credibility evaluation, including consideration of (i) the claimant's reputation for truthfulness; (ii) inconsistencies in the claimant's testimony or between his testimony and his conduct; (iii) the claimant's daily activities; (iv) the claimant's work record; and (v) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas v. Barnhart*, 278 F.3d 874, 958-59 (9th Cir. 2002).

Generalized findings will not satisfy this standard. The reasons an ALJ provides for rejecting a claimant's symptom testimony "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-46). This requires that the ALJ "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. at 493 (quoting *Reddick*, 157 F.3d at 722). If there is such substantial evidence, courts will not engage in second-guessing. *Thomas*, 278 F.3d at 959. Even when the evidence can support either outcome, a court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

2. The ALJ Properly Discounted Petitioner's Subjective Symptom Allegations

Petitioner alleges an inability to perform work-related activity due to his medically determinable impairments. Petitioner's January 28, 2018 function report confirms this, revealing

**MEMORANDUM DECISION AND ORDER - 7**

that (i) his anxiety causes him to "shut down," his depression "keeps [him] down and [he] can't do anything," and "once these two things come to play [he] goes into hypervigilance"; (ii) he cannot interact with others or control his anger; (iii) he has reoccurring nightmares; (iv) he forgets to eat when by himself; (v) his wife has to remind him about taking care of personal needs and grooming; (vi) he cannot cook by himself; (vii) he needs encouragement from family and friends to do house and yard work; (viii) he constantly watches his surroundings and needs family to help him feel safe and secure; (ix) he cannot keep track of bills; and (x) he cannot go out without mentally preparing himself. AR 298-305. Petitioner's testimony at the October 8, 2019 hearing largely tracks these claims. AR 34-45.

The ALJ found that Petitioner's impairments could reasonably be expected to cause the symptoms alleged, but that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 10. As described below, the ALJ's justification in this regard amounts to clear and convincing reasons for questioning Petitioner's symptom testimony.

First, in his challenge to the ALJ's evaluation of his subjective complaints, Petitioner frames the issue as the ALJ failing to recognize his symptoms. Pet.'s Brief at 13 (Dkt. 23) ("Further, Plaintiff's complaints are well documented by his mental health providers."). This misconstrues the ALJ's evaluation. The ALJ did not reject allegations that Petitioner suffers from certain impairments or that such impairments are painful and/or impact his ability to work. AR 10. Indeed, the ALJ expressly concluded that Petitioner suffers from PTSD, anxiety disorder, major depressive disorder, obesity, bilateral hip osteoarthritis, diabetes mellitus, and fibromyalgia, and that such impairments are severe. AR 6.

The relevant part of the ALJ's decision on this issue is that the ALJ questioned the *extent* to which these undisputed impairments and related symptoms prevented Petitioner from working

**MEMORANDUM DECISION AND ORDER - 8**

at all.  Significantly, even in doing so, the ALJ specifically accounted for Petitioner's limitations within his RFC.  AR 9 ("[T]he claimant has the residual functional capacity to perform light work . . . except he is limited to . . . ."); AR 11 ("The residual functional capacity accommodates the claimant's decreased ability to interact with others, but he is not precluded from all work activity as a result."); AR 12 ("[N]either the medical evidence nor consideration of other relevant factors justifies a finding that the claimant's condition significantly limits his ability to perform basis work activities within the residual functional capacity assessment defined above.").  Therefore, where Petitioner's arguments hinge upon the existence of certain limiting impairments or symptoms, the arguments are inapposite to the critical issue because the ALJ already accepted such limitations when incorporating them into the RFC.  The question remaining is not whether certain limitations exist, but whether Petitioner is able to work even with those limitations.

      Second, the ALJ concluded that Petitioner's daily activities were inconsistent with his allegations of disabling symptoms and limitations.  The ALJ observed that, while Petitioner alleges an inability to leave his home, (i) "he actually has no structure which requires him to do so," and (ii) "[t]he record reflects numerous times when [he] leaves home as needed, such as to attend to appointments, take his children to school, attend Boy Scout camp with his son, or to shop."  AR 11; *see also* AR  1763-64 ("[Petitioner] reported feeling 'too anxious' to leave his house for reasons such as taking out the trash and mowing the lawn.  However, he leaves his home to take his children to school and goes alone to his wife's place of work. . . .  He reported that he goes fishing or kayaking with his kids. . . . His therapist has encouraged him to get out of the house daily, so he takes his family to Walmart.  His wife also takes him to 3 stores on the first of the month to be around people and practice decreasing his anxiety."); AR 48 (Petitioner testifying that, although he had to isolate himself on occasion and required his son's assistance to

**MEMORANDUM DECISION AND ORDER - 9**

avoid crowds, he was able to attend and complete camping trip). "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014).

Petitioner attempts to add context to these activities to highlight his very real struggles with PTSD, anxiety, depression, and hypervigilance. Pet.'s Brief at 12-13 (Dkt. 23).[2] But the ALJ appreciated this context. Again, the ALJ accepted Petitioner's complaints that he suffers from certain impairments that impact his ability to work. The ALJ considered them to be severe and accounted for them in an RFC that provides for only superficial public contact and precludes crowded work environments. *Supra*. In other words, "[e]ven where . . . activities *suggest some difficulty* functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a *totally debilitating* impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (emphasis added).[3]

---

[2] As part of this, Petitioner cites to a December 2016 treatment note where Larry Hazen, LCPC, states that he "would not recommend his going to work at this [time] due to anxiety levels and difficulty with leaving the house." Pet.'s Brief at 3, 13 (Dkt. 23) (citing AR 1017). But this note precedes Petitioner's June 29, 2017 amended alleged onset date. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Moreover, that recommendation was not in place as of February 2017. AR 1001. Regardless, an ALJ is not required to incorporate recommendations into an RFC. *Rounds v. Comm'r of Soc. Sec. Admin.*, 795 F.3d 1177, 1185 (9th Cir. 2015) ("An ALJ may rationally rely on specific imperatives regarding a claimant's limitations, rather than recommendations.").

[3] Petitioner also references testimony from his earlier, June 15, 2017 hearing to buttress his credibility now. Pet.'s Brief at 12 (Dkt. 23). But, like the ALJ here, the ALJ there rejected Petitioner's subjective symptom testimony. AR 99 ("[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with the evidence. Most significantly, the claimant's medical records do not substantiate his subjective allegations of limitations causing total disability."). Petitioner never challenged that finding. There is no clear basis to accept *these* statements as now reliable when, before, they were not. *See, e.g.*, *Leeson v. Astrue*, 2008 WL 4553076, at *8 (C.D. Cal. 2008) (upholding ALJ's denial of benefits because, in part, "Plaintiff relied on prior testimony that the prior ALJ previously had rejected.").

**MEMORANDUM DECISION AND ORDER - 10**

Third, the ALJ found that Petitioner's subjective symptom allegations were inconsistent with the medical evidence. AR 10-11 (noting that "other objective medical providers do not describe signs and symptoms consistent with the claimant's allegations."). For example, examinations regularly described Petitioner as pleasant, sociable, fully-oriented, in no acute distress, alert, and attentive; corresponding mental status examinations were normal. *Id*. (citing AR 1766-67, 2214, 2252, 2255, 2276). An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005); *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").[4]

Together, these reasons amount to clear and convincing explanations as to why the ALJ found Petitioner's testimony not entirely credible. Critically, the Court's role is not to decide whether Petitioner is disabled under the applicable statutes and regulations, or even whether he suffers from chronic, disabling limitations. On those points, Petitioner identifies conflicting

---

[4] To wit, in Petitioner's veteran's disability benefits examination, the ALJ referenced Petitioner's exaggerations and how his wife corrected Petitioner's description of being in a good mood by insisting the opposite – that he was actually having a "terrible day." AR 11 (citing AR 1766-68) ("Veteran made dramatic comments, such as 'I am shaking like you would not believe.' There were no overt indicators visible to this examiner that he was shaking. . . . Veteran's report of his symptom and impairment severity appeared inconsistent with his wife's report. Notably, his wife often claimed he was doing worse than he was reporting. He described his mood as 'good' and appeared to this examiner to have a neutral to positive mood. His wife stated, correcting him, that his mood was not good and he was having a terrible day. . . . The [testing] protocol is invalid due to overreporting. Veteran endorsed an excessive number of infrequent responses which is uncommon even in individuals with genuine, severe psychological difficulties who report credible symptoms. He also endorsed a considerably larger than average number of somatic symptoms rarely described by individuals with genuine medical problems. Furthermore, he endorsed an unusual combination of responses which is associated with noncredible reporting of somatic, cognitive and memory complaints. . . . In summary, veteran's test taking approach revealed that he is overemphasizing the severity of his symptoms . . . ."). The tendency to exaggerate is a permissible reason for discounting a claimant's credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

**MEMORANDUM DECISION AND ORDER - 11**

evidence in support of his position. Even though this conflicting evidence may not have been given the weight that Petitioner would have preferred, the ALJ's decision to question Petitioner's subjective symptom allegations contains clear and convincing reasons for doing so. The Court uses – as it must – *that* standard. Accordingly, the ALJ will not be second-guessed as to such conclusions given the justifications provided. *Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision.").

Reversal is not warranted on this issue.

## IV.  CONCLUSION

The ALJ, as fact-finder, must weigh the evidence, draw inferences from facts, and determine credibility. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ. *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). The ALJ has provided reasonable and rational support for her well-formed conclusions, even if such evidence is susceptible to a different interpretation. Accordingly, the ALJ's decisions as to Petitioner's disability claim were based upon proper legal standards and supported by substantial evidence. The Commissioner's decision is affirmed and Petitioner's Petition for Review is denied.

///

///

///

///

///

///

**MEMORANDUM DECISION AND ORDER - 12**

## V. **ORDER**

Based on the foregoing, Petitioner's Petition for Review (Dkt. 1) is DENIED and the decision of the Commissioner is AFFIRMED.

DATED: August 30, 2022

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**